IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| David A. Sledge, | ) | C/A No.: 1:11-3465-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| United States Department of Justice; Federal Bureau of Prisons; Warden Drew; Associate Warden D. Rankin; Associate Warden Short; Captain Delre; and Lt. L. Jones, | ) | |
| Defendants. | ) | |

This is a civil action filed by a federal prisoner. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

By orders dated January 17, 2012 [Entry #12], February 17, 2012 [Entry #22], February 24, 2012 [Entry #25], and May 7, 2012 [Entry #45], Plaintiff was given a specific time frame in which to bring this case into proper form. Plaintiff has complied with the court's orders, and this case is now in proper form.

## **PAYMENT OF THE FILING FEE:**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350. *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a) and (b).

The agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full filing fee is paid. *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

**TO THE CLERK OF COURT**:

The Clerk of Court shall vacate the order authorizing service of process entered on April 17, 2012 [Entry #38].

In the Plaintiff's Answer's to the Court's Special Interrogatories [Entry #47], the Plaintiff has indicated he intended to substitute "L. Shults" in place of "Associate Warden Short." The Clerk of Court shall **edit** the docket to **terminate** "Associate Warden Short" as a defendant, and **add** "L. Shults" as a defendant.

The Clerk of Court is directed to issue the summons(es) for the defendants, and shall forward copies of this order, the summons(es), the complaint [Entry #1], and the Form(s) USM-285 to the United States Marshal for service of process. *A copy of this order must be provided to the United States Marshal*.

**TO THE UNITED STATES MARSHAL**:

The United States Marshal shall serve the complaint on defendant(s). Additionally, the Marshal shall serve copies of the pleading(s) upon the United States Attorney for the District of South Carolina and the Attorney General of the United States under Rule 4(i) of the Federal Rules of Civil Procedure. The United States Marshal's Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. *See Greene v. Holloway*, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)).

If the information provided by Plaintiff on the Form(s) USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

**TO DEFENDANT(S)**:

The defendant(s) are directed to file an answer to the complaint or otherwise plead.

**TO PLAINTIFF**:

Plaintiff **must** provide, and is responsible for, information sufficient to identify defendant(s) on the Form(s) USM-285. The United States Marshal cannot serve an inadequately identified defendant, and unserved defendants may be dismissed as parties to this case.

Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that "[i]f a defendant is not served within 120 days after the complaint it filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[1]

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this court is effected by the Court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to defendant's(s') attorney making an appearance in this court, Plaintiff must serve defendant(s) with any documents Plaintiff files subsequent to the initial pleading and file a Certificate of Service that states who was served, what document was served, and how the document was served.

IT IS SO ORDERED.

*[signature: Shiva V. Hodges]*

May 21, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

[1] Commencement of a state law claim is determined by Rule 3 of the South Carolina Rules of Civil Procedure, rather than Rule 4 of the Federal Rules of Civil Procedure, and could impact the time allowed for service of process within the applicable statute of limitations for the state law claim.