IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| David A. Sledge, | ) | C/A No.: 1:11-3465-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| United States Department of Justice; Federal Bureau of Prisons; Warden Drew; Associate Warden D. Rankin; Captain Delre; Lt. L. Jones; L. Shults, | ) | |
| Defendants. | ) | |

Plaintiff David A. Sledge ("Plaintiff"), proceeding pro se and in forma pauperis, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Plaintiff alleges Defendants violated his constitutional rights during his incarceration at the Federal Correctional Institution (FCI) in Bennettsville, South Carolina, a facility of the Bureau of Prisons (BOP). Before the court is Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [Entry #55]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief. Because the motion is dispositive, this Report and Recommendation is entered for review by the district judge.

I.   Factual and Procedural Background

Plaintiff alleges he is being illegally detained in the Special Housing Unit ("SHU") at FCI-Bennetsville. [Entry #1]. Specifically, he alleges that he was placed in the SHU on

July 27, 2011 after he was charged with a use of drugs, narcotics, or related paraphernalia not prescribed by medical staff. *Id*. at 3. According to the complaint, he was found guilty of the charge on August 3, 2011 and was sentenced to 60 days of disciplinary segregation, 40 days loss of good time, 365 days loss of commissary, telephone, and visitation with immediate family privileges, and 730 days loss of visitation with friends. *Id*. at 3–4. Plaintiff alleged that he was still housed in the SHU on December 7, 2012, the date of the complaint, which he appears to argue is illegal because it exceeds the 60-day disciplinary sentence. *Id*. at 5–6. He alleges his continued detention in the SHU is a violation of his due process and Sixth Amendment rights, as well as a violation of 18 U.S.C. §§ 1361, 1362. *Id*. at 6.

Defendants filed their motion to dismiss on July 31, 2012. [Entry #55]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion [Entry #56]. Plaintiff filed a timely response in opposition to Defendants' motion on August 6, 2012. [Entry #58] and Defendants filed a reply [Entry #59]. This matter having been fully briefed, it is now ripe for disposition. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendants' motion be granted.

II. Discussion

    A. Standard of Review

Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 12(b). This

court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made clear that, under Fed. R. Civ. P. 8, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Iqbal*, 556 U.S. at 678; *Twombly*,

550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570) (citations omitted); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

B. Analysis

Plaintiff is bringing suit against federal agencies and federal correctional officers. As such, his constitutional claims are evaluated under *Bivens*. *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore,

4

caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241–42 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310, n. 8 (M.D.Ala. 2001) ("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

1. Exhaustion of Administrative Remedies

Defendants have moved for summary judgment based in part on the defense of Plaintiff's failure to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that federal prisoners exhaust their administrative remedies prior to filing civil actions. *See Jones v. Bock*, 549 U.S. 199, 211, (2007); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is required for "[a]ll action[s]. . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*, 534 U.S. at 532. Exhaustion is a threshold requirement that must be satisfied in order for prisoner complaints to proceed. *See Jones*, 549 U.S. at 216; *Booth*, 532 U.S. at 741.

No unexhausted claims may be considered by the court; such claims must be dismissed. *Jones*, 549 U.S. at 211. The PLRA requires "proper" exhaustion, that is, "a

prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005).

In response to Defendants' claim that he failed to exhaust his administrative remedies, Plaintiff alleges that every time he gave his counselor or the warden a BP-8, which is the initial administrative remedy form, the paperwork was never returned to him or was lost. [Entry #58 at 2]. The Fourth Circuit has previously found that a question of fact existed where an inmate alleged he requested forms and a counselor refused to provide them, destroyed them, or failed to respond to them. *Hill v. O'Brien*, 387 Fed. Appx. 396, 401 (4th Cir. 2010). Therefore, considered in the light most favorable to Plaintiff, the undersigned is unable to conclude as a matter of law based on the evidence and arguments submitted that Defendants are entitled to summary judgment on this ground.

2. Plaintiff's Detention in the SHU

Plaintiff alleges that he has been illegally detained in the SHU since October 1, 2011, the date he alleges his disciplinary sentence to the SHU ended. [Entry #1]. He claims that his detention in the SHU after that date violates 18 U.S.C. §§ 1361, 1362, his due process rights, and his Sixth Amendment rights. *Id*.

Plaintiff has not shown that Defendants have violated his due process rights

simply because he is being housed in the SHU, despite the alleged expiration of his disciplinary sentence. Although the Fifth Amendment to the Constitution prohibits the taking of one's liberty without due process, a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). Accordingly, the Fourth Circuit has found that prisoners' six-month confinement in administrative segregation does not constitute an "atypical and significant hardship" necessary to confer a liberty interest upon a prisoner despite allegations that (1) the prisoners were afforded no outside recreation and no educational or religious services and (2) the cells were invested with vermin, smeared with human feces, flooded with water from a broken toilet, and considerably hotter than cells in the general population. *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997). Similarly, a court in this district has held that an inmate's placement in the SHU for security reasons without a hearing did not violate the inmate's constitutional rights. *Ajaj v. United States*, 479 F. Supp. 2d 501, 543–44 (D.S.C. 2007) (citing *Slezak v. Evatt*, 21 F.3d 590 (4th Cir. 1994) (the Constitution vests no liberty interest in inmates retaining or receiving any particular security or custody status as long as the conditions or degree of confinement is within the sentence imposed)). Here, Plaintiff makes no allegations that the conditions in the SHU are unconstitutional per se, but alleges only that he was entitled to due process under *Wolff v. McDonell,* 418 U.S. 539 (1974). [Entry #1]. Because Plaintiff's only complaint involves his continued placement in the SHU, he has failed to

show Defendants have denied him "a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*." *Sandin*, 515 U.S. at 487. Therefore, Plaintiff has not shown Defendants violated his due process rights.

Plaintiff also claims that Defendants violated his Sixth Amendment rights in relation to his disciplinary hearing and continued confinement in the SHU. However, Plaintiff was not entitled to Sixth Amendment rights because "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see also Baxter v. Palmigiano*, 425 U.S. 308, 321-23 (1976) (law is clearly established that prisoners possess no Sixth Amendment rights at a prison disciplinary hearing). In addition, Plaintiff's claims of violations of 18 U.S.C. §§ 1361, 1362 must fail, as these criminal statutes do not provide independent substantive rights. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Thus, the undersigned recommends Plaintiff's complaint against Defendants be dismissed.

III. Conclusion

For the foregoing reasons, it is recommended that Defendants' motion to dismiss be granted and this action be dismissed with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 27, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).